[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14132

_____

BOBBY RICKY MADISON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-62993-DMM

_____

Before JORDAN, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

In this appeal, Bobby Madison challenges his conviction (and resulting 60-month consecutive sentence) on Count 3 under 18 U.S.C. § 924(c)(3)(A) based on attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). We held the case pending the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015, 2020–22 (2022) (holding that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A)'s force clause), and then asked the parties to brief the impact of that decision on this appeal.

In response, the parties have submitted a joint letter brief in which they state (and agree on) the following. First, *Taylor* resolves this appeal in Mr. Madison's favor. Second, the government is expressly waiving procedural default as a defense to Mr. Madison's challenge to his § 924(c)(3)(A) conviction and sentence. Third, in light of *Taylor*, this court should vacate Mr. Madison's conviction and 60-month consecutive sentence.

Given the government's waiver of procedural default, we agree with the parties that *Taylor* governs. We therefore vacate Mr. Madison's Count 3 conviction and consecutive 60-month sentence, and remand to the district court for entry of a new judgment.

**VACATED and REMANDED.**